**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RANDALL DAVID DUE, #96294-020,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 19-cv-001168-JPG** |
| | ) |
| **WARDEN GOMEZ,** | ) |
| **CAPTAIN YEAGER,** | ) |
| **ASSOCIATE WARDEN MESSER,** | ) |
| **SIS LT. YARBER,** | ) |
| **LT. BISHOFF,** | ) |
| **MRS. YEAGER,** | ) |
| **MS. STOPHER,** | ) |
| **MS. WALLACE,** | ) |
| **WARDEN WERLICH,** | ) |
| **DIRECTOR OF BUREAU OF PRISONS,** | ) |
| **KEN KYLE,** | ) |
| **BRADLEY T. GROSS,** | ) |
| **CFO SOUTH CENTRAL REGIONAL** | ) |
| **OFFICE – BOP DIRECTOR,** | ) |
| **JUAN BALTAZAR,** | ) |
| **ARTHUR B. STURGES,** | ) |
| **WARDEN – FCI GILMER,** | ) |
| **and UNKNOWN PARTY,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint
(Doc. 15) filed by Plaintiff Randal David Due, an inmate who is in the custody of the Federal
Bureau of Prisons ("BOP") and currently incarcerated at the Federal Correctional Institution in
Greenville, Illinois ("FCI-Greenville").  Plaintiff brings claims pursuant to 28 U.S.C. § 1331 and
*Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), against
twenty-four federal agents who are employed at FCI-Gilmer, FCI-Greenville, and BOP offices in

1

Washington, D.C. and Grand Prairie, Texas.  (Doc. 15, pp. 1-17).  Acting on his own behalf and "as a proxy for Brent Swallers [and] the [p]ublic," Plaintiff brings claims for unspecified constitutional violations against the defendants.  (*Id*. at p. 1).   He seeks nearly $25 million in damages.  (*Id*. at p. 9).

The First Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  The allegations are liberally construed at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The First Amended Complaint does not survive preliminary review under Section 1915A for numerous reasons.  This Order addresses some of the glaring deficiencies.  However, it is not intended to serve as an exhaustive list.

First, Plaintiff's allegations are far too vague to support a claim against any of the defendants.  In the statement of his claim, Plaintiff refers to unspecified "[v]iolations of [r]ights as secured and protected by the U.S. Constitution and Laws pursuant thereto, especially violation of 18 U.S.C. § 241, [c]onspiracy against rights."  (Doc. 15, p. 8).  Along with the First Amended Complaint, Plaintiff filed a Notice of Claim, Injury, or Death on behalf of Brent Swallers and/or himself, along with a self-styled "Affidavit Notice of Acceptance of 'Contract' Offer" which appears to be a unilateral contract between Plaintiff and "all public officials" "requir[ing] [them] to remain within the confines of the declaration of rights preceding and attaching to the

Constitution for the United States of America."   (*Id*. at pp. 7, 13-14).  Plaintiff also includes a copy of the BOP's denial of this claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.  (*Id*. at p. 10).

The allegations do not satisfy basic pleading requirements described in Rule 8 of the Federal Rules of Civil Procedure or in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a) requires a complaint to set forth "a short and plain statement of Plaintiff's claim(s) showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  The rule calls for simple, concise, and direct allegations.  FED. R. CIV. P. 8(d)(1).  The allegations must "give defendants fair notice of the claims against them and the grounds for supporting the claims."  *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555).  Plaintiff brings this action pursuant to 28 U.S.C. § 1331 (*Bivens*), and the BOP Response refers to the FTCA.  However, the First Amended Complaint states no claim under either.

In a *Bivens* action, Rule 8 requires a plaintiff to state what each individual federal official did, or failed to do, to violate Plaintiff's constitutional rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  "Because vicarious liability is inapplicable to *Bivens* . . ., a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution."  *Id*. at p. 676 (emphasis added).  However, Plaintiff points to no violation of a constitutional right in the First Amended Complaint – beyond bald assertions to this effect.

The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  However, the United States is the only proper defendant in an FTCA

action.  *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982).  *See* 28 U.S.C. § 2679(b).   Plaintiff did not name the United States as a defendant, and the First Amended Complaint refers to no specific acts of negligence or misconduct on the part of federal officials.

Moreover, Plaintiff lacks standing to bring a claim on behalf of another person, such as Brent Swallers.  To have standing, a plaintiff must: (1) present a concrete and particularized "injury-in-fact" that is actual or imminent, not merely conjectural or hypothetical; (2) show a causal connection between the injury and the complained-of conduct; and (3) show a likelihood that the injury will be redressed by a decision in his or her favor.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Plaintiff bears the burden of establishing each of these elements.  *Id.* at 561 (citations omitted).  Plaintiff cannot pursue any claims in this case unless he can demonstrate that *he* suffered a direct, personal injury.

Further, as a *pro se* prisoner litigant, Plaintiff cannot represent Brent Swallers or the public at large.  A non-attorney cannot file or sign papers for another litigant.  As long as the Plaintiff appears without counsel, he can only sign documents for himself.  *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11.[1]  Brent Swallers did not sign any of the documents filed herein and is not considered a party to this action.

Finally, Plaintiff's claims appear to be improperly joined in a single action.  He pursues claims against two dozen officials at FCI-Gilmer, FCI-Greenville, and the BOP.  If Plaintiff's claims arise from discreet transactions or occurrences, share no common questions of fact, and

---

[1] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."   Fed. R. Civ. P. 11(a).  Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

4

focus on different legal theories, then the claims cannot proceed together in one lawsuit.  *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff can only bring related claims against a single group of defendants in this case.  If he improperly joins claims and parties, they are subject to severance into one or more additional suits at Plaintiff's expense.

For each of these reasons, the First Amended Complaint does not survive screening and shall be dismissed.  However, Plaintiff will have an opportunity to file a Second Amended Complaint if he wishes to pursue any of his claims in this action.  If he chooses to do so, Plaintiff must comply with the instructions and deadline set forth in the below disposition.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 15) is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8 and for failure to state a claim upon which relief may be granted under Section 1915A.  **BRENT SWALLERS** is not considered a plaintiff in this action, and all claims brought on his behalf are considered **DISMISSED** without prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Discovery (Doc. 16) and Supplement (Doc. 17) are **DISMISSED** without prejudice because they are premature.  Discovery has not commenced.  This case is still subject to threshold review under 28 U.S.C. § 1915A.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 4, 2020**.  Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form "Second Amended Complaint" and use the case number for this action (No. 19-cv-01168-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Second Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  5/5/2020**

s/J. Phil Gilbert
**J PHIL GILBERT**
**United States District Judge**